## SARKEYS v. EVANS.

No. 31922. Feb. 19, 1946.

Rehearing Denied June 25, 1946.

*170 P. 2d 229.*

W. F. Schulte, of Ada, for plaintiff in error.

Wyatt, Wyatt & Edwards, of Shawnee, for defendant in error.

PER CURIAM. Plaintiff sought to quiet title to real estate based upon tax sale proceedings. From judgment in his favor the defendant has appealed, and among other things insists that the resale tax deed is void.

The notice of resale upon which plaintiff's title is based is as follows:

"It is hereby stated . . . that following each described lot, tract, and parcel of real estate in the schedule below appears, in the order herein set out, the name of the owner as shown by the last tax rolls in the office of the county treasurer, the date on which said real estate was sold to the county for delinquent taxes, the year or years for which taxes have been assessed, now delinquent and unpaid, the total amount of all delinquent taxes, costs, penalties and interest assessed and legally due on each.

"The above notice applies to the following lots, tracts, and parcels, to wit:

"Owner as Per S. T. R. Last Tax Roll

"E½ NW¼ and NE¼ SW¼ 29 10 3 S. J. Sarkey.

"Years Taxes Delqt. and Unpa'd.—

"1930 to First ¾ 1938, inc., Date Sold to County.

"Total due—$561.53. 11-2-31"

The undisputed evidence is to the effect that the $561.53 designated as "total due" was excessive in the sum of about $13, explained by adding in of the last quarter of 1938 taxes which was not delinquent at the time of first publication of notice, such last quarter amounting to some $13. The land was purchased by the county at such resale, and plaintiff subsequently purchased from the county commissioners.

Under the rule of Lind v. McKinley, 196 Okla. 4, 161 P. 2d 1016, and House v. Mainka, 196 Okla. 174, 163 P. 2d 225, such error in the notice of resale rendered the resale deed void. These decisions are controlling here and compel the conclusion that the resale is void and the deed upon which plaintiff's title is based is void.

In view of such conclusion no useful purpose would be served in considering other questions presented.

Judgment reversed.

GIBSON, C. J., and RILEY, OSBORN, WELCH, and ARNOLD, JJ., concur. HURST, V. C. J., dissents.