EGAN et al. v. HENSHAW et al.

No. 32068. April 9, 1946.

Rehearing Denied April 30, 1946.

*169 P. 2d 298.*

J. T. Smith, of Sapulpa, and Ownby & Warren, of Tulsa, for plaintiffs in error.

Joy G. Clayton, of Tulsa, and Streeter Speakman, of Sapulpa, for defendants in error.

WELCH, J. The parties appear here as in the trial court. Plaintiffs sought damages for alleged tearing down of a dwelling house which was located in Creek county and removal of the materials from the original site thereof and for injunction against further dismantling of the building. No question is raised as to venue or joinder of causes of action. Both the plaintiffs' and the defendants' pleadings show that defendants claimed title by virtue of a county deed from the county commissioners of Creek county.

Defendants moved to strike plaintiffs' petition and supplemental petition for the reason that plaintiffs had failed to tender all taxes, etc., as provided by 68 O.S. 1941 §§ 453 and 455. The trial court so ordered.

In their appeal herein plaintiffs assert that they are not required to tender taxes, etc., because the purported assessments of the land upon which defendants' deed is based were void. If they are correct in that assertion, then it follows that the trial court erred in the action taken.

If plaintiffs' petition and supplemental petition are sufficient to present a prima case of void assessments, then tender would not be necessary until that issue was determined on the merits adversely to the claim, in which event other issues requiring tender should then be denied unless tender is made.

The petitions alleged the following: Plaintiffs' present ownership of the land and house immediately involved, which is located on a specifically described portion of block 70 in the Original Town of Sapulpa, and as described in defendants' county deed. They inherited the same from their father, who died in 1929, and who had at one time owned the entire block. They further alleged that at all times since 1928 this land had been assessed as a unit with other lands located in other lots in the block. They attach to their petition as a part thereof a copy of a judgment of the district court of Creek county rendered in 1935, wherein it is adjudged that a portion of the land so assessed as a unit had been purchased by one Allen subsequent to the death of plaintiffs' father, and prior to the date of such judgment. They further allege that defendants' title is based upon taxes for 1928 and subsequent to 1943, during all of which time the assessments stood as alleged.

Thus the petition shows that for some time prior to 1935 real estate owned by Allen and real estate owned by plaintiffs consisting of portions of town lots as officially platted were assessed as a unit and that defendants' deed is based upon such assessments and the taxes levied thereunder.

We have no doubt that in such allegations there lies a prima facie showing of a void assessment which is equivalent to no assessment for the purposes of the tender statutes, supra. In Hill v. Henry, 190 Okla. 413, 124 P. 2d 405, we pointed out that no tender would be required when the land has not been assessed.

No question is presented by plaintiffs as to whether the tender statutes are applicable in any event in a case such as this and brought in a county other than the one in which the land is situated, nor would the question, if presented, affect our conclusion above shown. Nor is it necessary for us to dwell upon the alleged error of the court in attempting to quiet defendants' title on their cross-petition, in view of our conclusion that the judgment of the trial court must be and is reversed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur.