DYER et al. v. DALTON.

No. 32243.  Oct. 15, 1946.

*174 P. 2d 252.*

F. B. Righter, of Broken Arrow, and Morse Garrett, of Tulsa, for plaintiffs in error.

Z. I. J. Holt, of Tulsa, for defendant in error.

DAVISON, J. Plaintiffs in error, the record and equitable owners of a vacant lot in Broken Arrow, Okla., prior to its resale for delinquent taxes in 1942, instituted this action, as plaintiffs, to quiet their title to said lot against defendant in error, as defendant and the purchaser of said lot at said resale The trial court determined from the evidence that defendant's resale deed was valid and entered judgment quieting his title accordingly. As plaintiffs have appealed and the parties appear herein in the same order as in the trial court, we will hereinafter refer to them by their trial court designations.

The advertisement for said resale represented the total delinquent taxes due against said lot as being the sum of $38.90 for the years 1934 to 1941, inclusive. Taxes for the years 1938 to 1940, both inclusive, had in fact been paid, and as late as November 12, 1940, the lot had not been assessed for the years 1934 to 1936, both inclusive, the same being then listed on the tax rolls

as belonging to the county with the notation "No tax", no evaluation figure being shown in the assessment column. It appears that ad valorem taxes in the sum of $6 were actually assessed against the lot for the year 1937, however, and that when this became delinquent the lot was duly advertised and sold to the county therefor.

When at sometime between November 12, 1940, and the date the lot was first advertised for the 1942 resale, it was called to his attention that said lot had been erroneously listed as belonging to the county during the years 1934 to 1936, inclusive, and its assessment for those years had accordingly been omitted, the deputy county assessor arbitrarily, and without giving notice to plaintiff in error, computed the taxes that should have been levied against property for those years as $6.16, $4.99, and $4.76, respectively, and altered the tax rolls so as to make it appear that those amounts of ad valorem taxes had been duly assessed against the lot for those years.

The first question presented here is whether such an assessment for some of the years for which the lot was advertised and sold at the 1942 resale renders void the deed issued to defendant pursuant to said resale.

That a retrospective assessment may not be made as the one attempted here cannot be doubted. 68 O.S. 1941 §15.20 prescribes the procedure for the assessment of property whose assessment for "any prior year or years" has been omitted. One of the prerequisites to such an assessment is "reasonable notice to the parties affected . . ." As hereinbefore shown, there was no such notice given in the present case. Defendant's contention that section 15.57 of said title authorizes an assessment such as the purported one involved here is obviously without merit. The latter section applies only to errors in assessments for the current year. We therefore conclude that the deputy county assessor's purported assessment of the lot in question for the years 1934 to 1936, both inclusive, was a nullity.

Upon this hypothesis, plaintiffs maintain that as the lot was sold for an amount in excess of taxes lawfully assessed, due and delinquent, the sale was also a nullity and defendant's resale deeds void, citing Lind v. McKinley, 196 Okla. 4, 161 P. 2d 1016. On the other hand, defendant argues that the assessments for 1934 to 1936, inclusive, can be ignored, as it is conceded that the 1938 sale for the 1937 taxes was valid, and he says that one such valid sale is all that is necessary to make the 1942 resale valid. In this connection, see Wilson v. Levy, 140 Okla. 74, 282 P. 679; Wolfe v. Brooke, 133 Okla. 128, 271 P. 669; Hartsog v. Tucker, 108 Okla. 143, 234 P. 726; O'Keefe v. Dillenbeck, 15 Okla. 437, 83 P. 540. The rule cited by defendant has no application to a case like the present one. Careful scrutiny of all the cases cited therefor, discloses that the rule as therein applied has reference only to the question of whether or not the deed is void on its face for the purpose of determining whether the attack on the deed is barred by limitations. Here there is no such question and as in the case of Lind v. McKinley, supra, presumptions of the regularity of the tax sale proceedings accompanying a deed valid on its face have been overcome by proof to the contrary.

Because the treasurer's return of the sale in the present case reveals that the total amount for which the lot was sold at the resale did not include the delinquent taxes for the years 1938, 1939, and 1940, defendant argues that the fact that the advertisement of said sale represented that the taxes for those years had not been paid and the lot would be sold for those taxes, as well as those for the other years in question, was an irregularity which did not affect the validity of the resale or the resale deed issued pursuant thereto, citing Patterson v. Hughes, 194 Okla. 502, 153 P. 2d 111; Bramble v. Caywood, 193 Okla. 668, 146 P. 2d 587; Chamberlain v. Davis, 191 Okla. 457,

130 P. 2d 848. This argument might be conclusive of the validity of the sale and deed were it not for the fact that the amount for which the lot was advertised and sold did include so-called delinquent taxes for the years 1934 to 1936, inclusive, that, as we have seen, had not been duly assessed and consequently were not legally due. It is well settled that a purported tax sale of real estate for taxes, illegally assessed or (what is the same thing—such a sale) for an amount in excess of the taxes legally assessed, is void. See Egan v. Henshaw, 197 Okla. 83, 169 P. 2d 298; Hill v. Henry, 190 Okla. 413, 124 P. 2d 405; Young v. Boswell, 191 Okla. 680, 134 P. 2d 592; House v. Mainka, 196 Okla. 174, 163 P. 2d 225; Sarkeys v. Evans, 197 Okla. 304, 170 P. 2d 229. In this case the sale was held for a sum of more than $10 in excess of the total amount of taxes that had been legally assessed.

The judgment of the trial court sustaining the validity of the resale deed is reversed and the cause remanded, with directions to render judgment for plaintiffs upon their payment of the taxes, assessments, penalties, interest and costs tendered in their petition.

GIBSON, C.J., and RILEY, OSBORN, and BAYLESS, JJ., concur. HURST, V.C.J., dissents.