CARMAN v. McMAHAN et al.

No. 31798.   March 4, 1947.

Rehearing Denied March 25, 1947.

178 P. 2d 626.

W. F. Shulte, of Ada, for plaintiff in error.

S. A. Duling, of Okemah, for defendants in error.

PER CURIAM. J. Dyle Carman appeals from a judgment of the district court of Okfuskee county refusing to quiet his title to certain real estate claimed by him and to eject T. V. McMahan and J. M. Walkup therefrom.

Carman filed his action in the simple form to quiet title and in ejectment. McMahan, as owner, and Walkup, as his tenant, claimed title to the property and right of possession by virtue of a resale deed. Carman replied thereto by attacking the validity of the resale and the tax sale on which it was based.

The 1942 resale is the one here involved and upon which the resale deed was executed.

The record shows that the sum designated as taxes due in the notice of resale was excessive in the sum of about $11.59, in that such notice of sale included all of the taxes assessed for the year 1941, while the last quarter thereof was not delinquent at the time of first publication of such notice of sale, such last quarter amounting to about $11.59.

Under the rule of Lind v. McKinley, 196 Okla. 4, 161 P. 2d 1016, and House v. Mainka, 196 Okla. 174, 163 P. 2d 225, and Sarkeys v. Evans, 197 Okla. 304, 170 P. 2d 229, such error in the notice of resale rendered the resale deed void. Those decisions are controlling here and compel the conclusion that the resale here involved is void and the deed upon which defendant's title is based is void. See, also, Dyer v. Dalton, 197 Okla. 601, 174 P. 2d 252.

In view of such conclusion no useful purpose would be served in considering other asserted irregularities in the sale.

Judgment reversed.

DAVISON, V.C.J., and RILEY, OSBORN, WELCH, and GIBSON, and ARNOLD, JJ., concur. HURST, C.J., and BAYLESS and CORN, JJ., dissent.