EVANS et al. v. NEAL et al.

No. 32602.   May 6, 1947.

*180 P. 2d 661.*

Wyatt, Wyatt & Edwards and M. L. Hankins, all of Shawnee, for plaintiffs in error.

Twyford, Smith & Crowe, of Oklahoma City, and O. K. Winterringer, of Shawnee, for defendants in error.

GIBSON, J.   This is an appeal by defendants from judgment for plaintiffs

in three consolidated causes canceling resale tax deed held by defendants covering east half of southwest quarter of section 32, township 7 north, range 2 east, Pottowatomie county, and directing reassessment.

For many years previous to 1939 the said quarter section had been divided into three tracts which were separately owned and ·assessed for taxes according to metes and bounds. One ·tract, referred to as tract C, is a rectangular tract in the southwest corner thereof which includes all of southwest 40 acres and more by extending its boundary lines both north and east. Tract B, a rectangular tract in the northwest corner, comprises the area between tract C and the north line of the quarter section but extends east only about half the distance of tract C. The remainder of the quarter section, lying east of tract B and east and north of tract C, is tract A.

For the year 1939 and years 1940, 1941, and 1942, tract C was correctly assessed and the taxes thereon paid. For the same years tract A was assessed as east half of said quarter section instead of by metes and bounds as theretofore. It was so sold to the county for 1939 taxes, and on May 10, 1943, same was sold at resale, and on May 12, 1943, was conveyed to Betty Lou Evans, a defendant, who thereafter conveyed same to C. A. Carter, another defendant.

When assessed and sold as "East Half of Southwest Quarter" there is not included in the assessment or conveyance that portion of tract A included in the northwest 40 acres which lies east of tract B and north of tract C, but does include that portion of tract C which lies in the northeast and southeast 40's, comprising about 12 acres, and to such extent the conveyance clouds the title to tract C which is held by the Texas Nursery Company, a corporation.

On November 30, 1937, John A. Neal, then owner of tract A, conveyed a half interest to Chas. E. Wells. On February 27, 1939, Neal and Wells jointly conveyed the fee title to said land exclusive of the mineral rights, which were retained, to defendants Dorman Hall and four others, all children of H. H. Hall, and then minors and for whom said H. H. Hall was then guardian of their persons and estates.

Separate actions for relief were instituted by the several parties in interest. Cause No. 19365 was instituted by Neal and Wells, owners of the mineral interest, and the purchaser and subsequent grantees and S. R. Grimes, county treasurer, and Ben Hunter, county assessor, were made defendants. Cause No. 19479 was instituted by said H. H. Hall as guardian for one of them who was yet a minor and for another an adjudged incompetent, and others, and made defendant thereto was the purchaser at the tax sale. Cause No. 19553 instituted by the Texas Nursery Company is to cancel the tax deed and quiet title, and the purchaser at the tax sale is the defendant.

For purpose of trial causes were consolidated under No. 19365. The issue that is determinative of the rights of the parties is whether the assessment for 1939 was valid or invalid. On this the court found in effect there was assessed as a unit lands of different owners and concluded as a matter of law that such assessment was void.

Error is urged under four grounds of which the substance is as follows:

(1)  The findings and conclusions of the court, not having been requested, are improper and entitled to no weight as such.

(2)  The findings and conclusions are contrary to the facts and law of the case.

(3)  Cause is one in equity and plaintiffs do not come with clean hands.

(4)  Judgment is contrary to the law and the evidence.

In support of the first proposition there is quoted Tit. 12 O.S. 1941 §611, and declared:

"By that section of the statute, the court may make findings of fact and conclusions of law only when timely requested by one of the parties."

The quoted section is not the source of the authority of the trial court to make findings. Its effect is to declare the occasion when the rendition of findings becomes a duty. Underlying and supporting every adjudication there is involved the ascertainment of the facts and the law applicable thereto. A general finding of the trial court in an action of equitable cognizance is deemed a finding of each thing necessary to sustain a general judgment (Noble v. Bodovitz, 175 Okla. 432, 52 P. 2d 1046). Special findings, although not requested, are entitled to the same weight as if they had been requested.

Under propositions 2 and 3, apart from an attack on the findings of fact as not being supported by the evidence, which is without merit, emphasis is placed upon the refusal of the court to require plaintiffs Neal and Wells to make good their tender by payment of the money into court at the beginning of the trial, and the further contention that said plaintiffs under the law were afforded an opportunity to redeem the property not only before the sale but thereafter before the deed was made. Whatever merit there might be in either contention in a situation where the sale was merely voidable, neither is of force where the assessment and sale are nullities as properly found by the trial court. That in such situation a tender is not necessary was expressly held in Egan v. Henshaw, 197 Okla. 83, 169 P. 2d 298.

Under the fourth proposition it is urged that even though the land was not correctly described no one could be deceived as to the land contemplated by the assessment and sale and therefore on authority of Flag Oil Co. et al. v. Smith, 195 Okla. 236, 156 P. 2d 796, and others, the misdescription was a mere irregularity. The cases relied on have no application. In the instant case the description, which is definite, is such that it negatives the fact of a valid assessment because there is incorporated therein, and inseparable therefrom, for purpose of determining the proper tax, lands of another not so assessable, and there is omitted therefrom lands which should have been included. The facts reflect a situation within the rule of Clark v. Prince, 191 Okla. 551, 131 P. 2d 761. Therein we held, in effect, that separate parcels of land belonging to different individuals, and presumably of different values, cannot be assessed together, since neither of the owners has any means of determining the amount of tax which is properly chargeable to his propery, and that if an assessment of property for taxation is void, a sale based on such assessment is likewise void.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, BAYLESS, and ARNOLD, JJ., concur.