## WHITEHEAD et al. v. GARRETT.

No. 32930.   Oct. 14, 1947.

*185 P. 2d 686.*

R. Place Montgomery, of Hobart, for plaintiffs in error.

Tolbert, Gillespie & Cunningham, of Hobart, for defendant in error.

BAYLESS, J.   This action was commenced in the district court of Kiowa county by Otis Garrett to quiet title to the west half of the southwest quarter of section 32-5-15.   Garrett alleged that he was the owner and in possession of the property under a special warranty deed from W. B. Wright, who acquired his title by virtue of a resale tax deed executed May 20, 1943.   Plaintiff alleged that the defendant James E. Whitehead was the holder of an $800 mortgage against the property, and that defendant, the Union Mortgage Company, was the holder of a $1,400 mortgage, both of which were barred by limitations.   He further alleged the execution of a royalty deed conveying an interest in the royalty to defendant, the Pacific Royalty Company.   Parties will be referred to as they appeared in the trial court.

The aforesaid defendants, Whitehead, the mortgage company, and the royalty company, filed a joint answer and cross-petition alleging the invalidity of the resale tax deed to Wright on many grounds.   They alleged, among other things, that the notice of resale, first published on April 8, 1943, was void for the reason that it included, as delinquent, taxes for the entire year of 1942, whereas taxes for the fourth quarter of 1942, did not become delinquent until May 1, 1943; that the purported resale tax deed and the deed from Wright to plaintiff constituted a cloud on their title, and that their title should be established and quieted as against plaintiff and other codefendants.

Plaintiff offered in evidence the resale tax deed and the warranty deed executed by Wright conveying the property to plaintiff. The answering defendants offered in evidence a patent from the government to defendant Whitehead covering the property involved herein, a mineral deed conveying a one-eighth interest therein to the Pacific Royalty Company, a deed from Wm. M. Smitch and wife to the defendant Whitehead dated February 14, 1923. (Apparently defendant Whitehead had conveyed this property to Smitch prior to 1923.) This deed was properly acknowledged but had never been recorded. Plaintiff objected to its introduction in evidence for the reason that it had never been recorded and that defendant Whitehead did not allege its existence in his answer and cross-petition.

The treasurer, testifying from the records, stated that he included in the calculation made for the resale notice taxes for the entire year of 1942. The trial court found that the resale tax deed was valid and rendered judgment quieting plaintiff's title to the property. The court specifically found that inclusion of the taxes for the last quarter of 1942, in the notice of resale, was an inconsequential defect since the excess was only 53 ¼ cents. From this judgment, the three defendants named above have appealed.

It is necessary to consider only one of the numerous assignments of error as it is well taken and decisive in this case. The notice of resale is fatally defective under the authority of Reynolds v. Clemmens, 199 Okla. 153, 184 P. 2d 758; House v. Mainka et al., 196 Okla. 174, 163 P. 2d 225; Sarkeys v. Evans, 197 Okla. 304, 170 P. 2d 229, and Carman v. McMahan et al., 198 Okla. 367, 178 P. 2d 626, for including all taxes assessed for 1942, when the last quarter thereof was not delinquent at the date of the first publication of the notice of resale, and the resale and deed based thereon are invalid. In Reynolds v. Clemmens, supra, we held:

"The inclusion in a notice of resale of lands for nonpayment of taxes of the last quarter of the current year's taxes, but which quarter was not delinquent at the date of the first publication of such notice, renders the notice fatally defective, and the resale and deed based thereon are invalid."

The trial court's finding that the inclusion of the taxes for the last quarter of 1942 was an inconsequential defect was erroneous. In Young v. Boswell, 191 Okla. 680, 134 P. 2d 592, we held the notice of resale void where it contained an excessive and illegal sum of 60 cents.

Plaintiff contends that only the record owner has the right to redeem from a tax sale, and therefore the defendants, not being the record owners, could not maintain their cross-petition. This contention is without merit. The two sections of the statutes cited by plaintiff, 68 O.S. 1941 §§420 and 432m, are not applicable in this case. However, both sections authorize redemption by parties other than the record owner. Section 432m provides:

"Redemption from 1939 resale.

"The last record owner of any real estate sold at the 1939 tax resale, or any person having a legal or equitable interest therein, may redeem. . . ."

68 O.S. 1941 §453 (the tender statute) provides:

"To defeat the deed, the person desiring to set the same aside . . . must show that he **or the person under whom he claims,** had the right to redeem the land from tax sale at the time the deed was made. . . ." (Emphasis ours.)

Plaintiff next contends that failure to plead the unrecorded deed by defendant Whitehead was a fraud upon the plaintiff and the court and that the deed was not admissible in evidence. Defendants alleged in their answer and cross-petition that they held title to the property (although they did not de-

raign their title or plead the nature of the title held by them) and they asked to have title quieted in them. This was a sufficient allegation that defendant Whitehead claimed title to the property in the absence of a motion by plaintiff to require defendants to make their answer and cross-petition more definite and certain. Plaintiff cites 41 Am. Jur., Pleadings, §368, which states: ". . . ordinarily, he will be precluded from proving any fact not alleged. . . ."

Under §371 of the same title it is said:

". . . The rule under the codes and practice acts is that a variance is material only where it actually misleads the opposing party to his prejudice in maintaining his cause of action or defense. It must be a disagreement between the allegations and the proof in some matter essential to the charge or claim, that is, a departure from the evidence in the substance of the issue; otherwise it will be disregarded . . ."

12 O.S. 1941 §311 provides:

"No variance between the allegations in a pleading and the proof, is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just."

Plaintiff's right to recover judgment depended upon the validity of the tax deed and not upon the validity of the unrecorded deed from Smitch to Whitehead. Plaintiff was not misled to his prejudice by defendant's failure to plead the unrecorded deed. See Howard v. Stewart, 195 Okla. 491, 159 P. 2d 527. 16 O.S. 1941, §27 provides:

"All instruments affecting real estate and executed and acknowledged in substantial compliance herewith shall be received in evidence in all courts without further proof of their execution; . . ."

As a final contention, plaintiff says that he was an innocent purchaser in so far as the unrecorded deed was concerned. He says he was without means of knowledge of the infirmity created by the 23-year-old unrecorded deed. 16 O.S. 1941, §15 provides:

"Except as hereinafter provided, no acknowledgment or recording shall be necessary to the validity of any deed, mortgage, or contract relating to real estate as between the parties thereto; but no deed, mortgage, contract, bond, lease, or other instrument relating to real estate. . . shall be valid as against third persons unless acknowledged and recorded as herein provided."

The "third persons" defined by §15, supra, refer to innocent purchasers for value. Oklahoma State Bank of Wapanucka v. Burnett, 65 Okla. 74, 162 P. 1124. The rule of caveat emptor applies to a purchaser at tax sale. Levy Bros. v. Board of Commissioners of Noble County, 101 Okla. 241, 225 P. 387; Schuman v. Board of Commissioners of McIntosh County, 163 Okla. 118, 21 P. 2d 40. Plaintiff does not point out any facts that would make him an innocent purchaser. The validity of his tax title is in no way dependent upon the unrecorded deed. Plaintiff's claim of title must stand or fall upon the validity of the tax proceedings. Having failed to establish a valid title, he is unable in this case to show any injury or prejudice to himself by failure of defendant Whitehead to record the deed.

The judgment of the trial court is reversed, and the cause is remanded, with directions to enter judgment in favor of plaintiffs in error, quieting their title to the property, restoring them to possession thereof, and for further proceedings on their claim for rents and profits not inconsistent with the views herein expressed.

DAVISON, V.C.J., and RILEY, CORN, and GIBSON, JJ., concur. HURST, C.J., dissents. WELCH, J., concurs specially.

WELCH, J. (concurring specially). I think the specific findings and conclusion of the trial court in reference to the inclusion of the fourth quarter of 1942 tax in the sum of 53¼ cents is sound and merits affirmance, but feel I am bound herein to the contrary conclusion by reason of the rule adopted in Lind v. McKinley, 196 Okla. 4, 161 2d 1016, and followed in House v. Mainka, and in the other decisions cited in the opinion.