HARRIS et al. v. DUNGAN.

No. 32626.   Oct. 14, 1947.

Rehearing Denied Nov. 3, 1947.

*185 P. 2d 949.*

Charles G. Watts, of Wagoner, for plaintiff in error Mrs. James A. Harris.

W. O. Rittenhouse and Fred W. Martin, both of Wagoner, for defendant in error.

RILEY, J. Ruth Dungan commenced this action on December 29, 1941, and alleged possession of the south 60 feet of lot 6, block 388, city of Wagoner, as described by recorded plat. Plaintiff's possession claimed was based on a resale tax deed issued by the county treasurer of Wagoner county April 25, 1939.

The trial court found that plaintiff's resale tax deed of 1939 was based on both the 1929 and 1935 annual tax sales in Wagoner county; that taxes, interest, penalties, and costs due and owing against the lot for the years 1926 to 1937, inclusive, and three-fourths of the same for the year 1938, amounted to $35.82; that such taxes, etc., for the years 1929 to 1933, inclusive, amounted to $14.10 at the time of the 1939 resale; that Ruth Dungan paid $22.25 for the property as a result of resale to her; that at that time the property was an unimproved lot; that plaintiff's tax deed was recorded May 8, 1939, and the present action was commenced December 29, 1941, more than one year from the date plaintiff's resale tax deed was recorded; that plaintiff acquired lawful possession of the lot, which she had maintained.

The trial court concluded that a resale can be based on one or more original annual sales for taxes and that the 1939 resale, resulting in plaintiff's claim of title, was so based, and that if either such sale is valid, though the other is invalid, a person so claiming is possessed of a valid title; that the property, being an unimproved city lot, could be sold at resale to the highest bidder regardless of the amount of taxes due and unpaid at the time, and that defendants are barred by the statute of limitations.

The decree quieted plaintiff's title to the south 60 feet of the described lot; and defendants have perfected an appeal by separate petitions in error. However, defendant James A. Harris, since deceased, did not cause briefs to be filed in the case.

The answer and cross-petition of Mrs. James A. Harris was filed April 18, 1942, more than two years and seven months after plaintiff's resale tax deed was recorded. The answer of James A. Harris et al. was also filed on the same date. Both defendants are barred by the statute of limitations unless plaintiff's resale tax deed is either void within itself or void upon the face of the record. O'Keefe v. Dillenbeck, 15 Okla. 437, 83 P. 540; Davis v. Fariss, 180 Okla. 125, 68 P. 2d 417; Treese v. Ferguson, 120 Okla. 235; 251 P. 91; Michie v. Haas, 134 Okla. 57, 272 P. 883; Wolfe v. Brooke, 133 Okla. 128, 271 P. 669; Coday v. Allison, 136 Okla. 8, 275 P. 1060.

Plaintiff's resale tax deed is in the exact form prescribed by section 8, art. 31, ch. 66, S.L. 1939 (68 O.S. 1941 §432g). But it is urged the 1939 resale act, supra, did not become effective until 90 days after the Legislature adjourned, although it was approved April 15, 1939, and contained an emergency clause; that the act was noneffective because of the provisions of article 5, sec. 58, Constitution of Oklahoma, which prohibits application of an emergency clause to provisions of statute relating to "the purchase or sale of real estate"

The statute, supra, by section 1 thereof, provides for the sale of unredeemed real estate theretofore purchased by a county at tax sales. Section 5 of the statute, supra, requires, on conditions stated as to nonbidders for unimproved town or city lots and certain other conditions as to the amount of the bid for improved property, that such property

must be returned to the county. Section 11 of the statute provides for the sale of the property so acquired at resale.

It is clear that these provisions of statute are within the constitutional prohibition. Therefore the act, insofar as it provides for the sale of real estate, was noneffective until 90 days after sine die adjournment of the Legislature. State ex rel. Williams et al. v. Neustadt et al., 149 Fed. 2d 143. Sections 1 and 11 of the Act (68 O.S. 1941 §§432, 432j) did not become effective until July 26, 1939.

But it does not follow that other provisions of the act, supra, did not become immediately effective on the date of approval, April 15, 1939. Shores v. Berry, 194 Okla. 458, 153 P. 2d 94. To the contrary, it has been adjudicated that sections 7 and 14 of the Act, supra, 68 O.S. 1941 §§432f and 432m, became effective upon approval. A contingency postponing the effectiveness of parts of an act may not affect effectiveness of other parts. 59 C.J. 1157; County Board of Education v. Durham, 198 Ky. 733, 249 S.W. 1028; 59 C.J. 639; Dowell v. Board of Education of Oklahoma City, 185 Okla. 342, 91 P. 2d 771; Rush v. Brown, 187 Okla. 97, 101 P. 2d 262; Johnson v. State Election Board, 197 Okla. 211, 167 P. 2d 891.

Section 8 of the Act, supra (68 O.S. 1941 §432g) prescribes a form of resale tax deed, nothing more. Section 18 of the Act (68 O.S. 1941 §432p) contains a severability clause, persuasive to the courts. The provision as to the form of conveyance to be made by resale tax deed under section 8, supra, is severable and became effective April 15, 1939.

The purpose of a deed is to evidence a grant pursuant to express contract or act of parties. 16 Am. Jur. 442. The sale and resale were made pursuant to existing statutory provisions. The form of the conveyance provided by section 8 of the new legislative act was not in fact the sale. Plaintiff's resale tax deed is not void on its face nor subject to attack for mere irregularities in proceedings of the sale or resale in the action filed after the expiration of one year from the date plaintiff's tax deed was recorded.

However, it is urged that plaintiff's resale tax deed is void upon the face of the record.

Mrs. James A. Harris, by cross-petition, claims title to the lot by virtue of a quitclaim deed from the grantee in a 1929 resale tax deed. The claim of Mrs. Harris depends upon the validity of plaintiff's resale tax deed. Invalidity of plaintiff's resale tax deed is urged upon the ground that the property was advertised for sale and sold to plaintiff for an excessive amount of taxes which was neither due nor delinquent; that the 1939 resale is based on delinquent taxes for the years 1926 to 1937, inclusive, together with three-fourths of the taxes for the year 1938; that no taxes were due or delinquent for the years 1926, 1927, and 1928, because these taxes were canceled by a resale tax deed issued to Mrs. James A. Harris' grantee in the year 1929.

In reply, plaintiff, Ruth Dungan, pleaded the statute of limitations, 68 O.S. 1941 §432f.

Mrs. James A. Harris introduced in evidence the resale tax deed of 1929, issued to her grantor, Paul Parkinson; also a quitclaim deed from Parkinson to said defendant.

By express provision of statute and recitation, the resale tax deed of 1929 canceled all delinquent taxes, penalties, interest, and costs previously assessed against the property.

The notice of resale for the year 1939, upon which sale was made to plaintiff, set out the description of the property as being the south 60 feet of lot 6, block 388; the name of the record owner, Paul Parkinson; the date on which the property was sold to the

county, 11-7-1927; the years for which taxes had been assessed and which were delinquent and unpaid "Years 1926-1937, ¾ 1938"; the total amount as delinquent, $35.44; total due, $35.82.

It thus clearly appears that plaintiff's claim is based solely upon resale in the year 1939; that the resale in 1939 included delinquent taxes for the years 1926, 1927, and 1928, theretofore canceled by the 1929 resale to Parkinson.

The Parkinson resale tax deed is admitted to be valid. As such, it was effective to cancel prior taxes against the property. Shnier v. Vahlberg, 188 Okla. 471, 110 P. 2d 593.

In view of the cancellation of prior taxes by the resale tax deed issued to Parkinson, the subsequent sale, evidenced by plaintiff's resale tax deed, was for an excessive amount of taxes. Lind v. McKinley, 196 Okla. 4, 161 P. 2d 1016; Young v. Boswell, 191 Okla. 680, 134 P. 2d 592; House v. Mainka, 196 Okla. 174, 163 P. 2d 225; Sarkeys v. Evans, 197 Okla. 304, 170 P. 2d 229; Carman v. McMahan, 198 Okla. 367, 178 P. 2d 626; Reynolds v. Clemmens, 199 Okla. 153, 184 P. 2d 758.

A resale tax deed is void upon the record when it is established that the sale was for an excessive amount, in that it included taxes already canceled by prior sale for taxes. Id.

Reversed.

DAVISON, V.C.J., and WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur. HURST, C.J., dissents.

Rehearing Denied Nov. 3, 1947.