## WILLIAMSON v. HART.

No. 32864.   Oct. 28, 1947.

*186 P. 2d 71.*

C. H. Bowie and Garvin & Shumate, all of Pauls Valley, for plaintiff in error.

Walter Dean Hart and Haskell Paul, both of Pauls Valley, and Twyford, Smith & Crowe, of Oklahoma City, for defendant in error.

DAVISON, V.C.J.   In this action Walter L. Hart, as plaintiff, seeks to quiet his title to certain lands in Garvin county and to cancel a resale tax deed thereto, which is the foundation of the alleged title of the defendant, A. V. Williamson.

One of the irregularities in the tax resale procedure relied on by plaintiff was the fact that the property was sold in May, 1940, pursuant to advertisement beginning April 11th. Included in the amount for which the property was advertised and sold was the entire levy for the year 1939. The last quarter of these taxes did not become delinquent until May 1st, under the provisions of 68 O.S. 1941 §351. This court has held that, where the amount for which the property is advertised and sold includes an item of tax which does not become delinquent until after the first publication of notice of resale, the procedure is ineffective to give the county treasurer authority to sell the same and renders the resale tax deed based thereon void. House v. Mainka et al., 196 Okla. 174, 163 P. 2d 225; Sarkeys v. Evans, 197 Okla. 304, 170 P. 2d 229; Carman v. McMahan et al., 198 Okla. 367, 178 P. 2d 626.

The plaintiff alleged in his petition that the defendant was claiming some adverse title, the nature and extent of which was unknown. Defendant, by way of answer and cross-petition, set up the tax resale of the property and his subsequent acquisition of the tax title. In contravention of these allegations, plaintiff in his reply, asserted "that said sale was made for a sum different than the amount of taxes due against said lands at the time of said sale."

At all times in the trial defendant contended that the allegation in the reply was a variance from the allegations in the petition and was not sufficient to authorize the introduction of testimony in support of the proposition hereinabove discussed. Plaintiff's general allegations in the petition against the defendant stated a cause of action and there is no inconsistency between it and the reply. This situation is almost identical to that presented in the

case of McGrath v. Majors, 179 Okla. 500, 66 P. 2d 915, and the holding of this court therein is determinative of the question here raised.

The judgment of the trial court canceling the resale tax deed and quieting plaintiff's title was proper.

Judgment affirmed.

RILEY, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur. HURST, C. J., dissents.