## NORTH et al. v. KIDD.

No. 33671.   June 19, 1951.

*232 P. 2d 931.*

Banker & Bonds, Muskogee, and Carver & Cook, Wewoka, for plaintiffs in error.

James F. Haning and Richard S. Roberts, Wewoka, for defendant in error.

WELCH, J. A. C. Kidd, as plaintiff, recovered judgment quieting his title to several certain lots located in the

city of Wewoka. His title was quieted as against certain delinquent street improvement assessments and street improvement bonds and as against a certain judgment for the foreclosure of the lien of the delinquent assessments.

S. N. North, Mary Casey and C. G. Bayless, defendant bondholders, have appealed.

At trial the plaintiff presented claims of title to the real estate resting on a certain resale tax deed issued pursuant to a tax sale held in May, 1943. By uncontradicted proof it was shown and established that the property sold in 1943 resale for all the ad valorem taxes levied for the years 1938 to 1942, inclusive, except as to one particular lot. It was shown that lot 25 of block 1, included in the action and included in the resale and resale deed, was sold for 1938 and subsequent years' taxes not including 1942.

The last quarter of 1942 taxes did not become delinquent until May 1, 1943. 68 O. S. 1941 §351. By statute resales are required to be held on the second Monday of May each year, and the county treasurer is required to give notice of the resale by publication thereof once a week for four consecutive weeks preceding such sale. 68 O. S. 1941 §§432, 432b. In Williamson v. Hart, 199 Okla. 328, 186 P. 2d 71, said the court:

" . . . where the amount for which the property is advertised and sold includes an item of tax which does not become delinquent until after the first publication of notice of resale, the procedure is ineffective to give the county treasurer authority to sell the same and renders the resale tax deed based thereon void."

See Lind v. McKinley, 196 Okla. 4, 161 P. 2d 1016; House v. Mainka, 196 Okla. 174, 163 P. 2d 225; Sarkeys v. Evans, 197 Okla. 304, 170 P. 2d 229; Carman v. McMahan, 198 Okla. 367, 178 P. 2d 626.

Upon the showing of the plaintiff that his interest in the title to the real estate rested upon the resale tax deed, and with a further showing of facts which under the statute renders the resale deed invalid, except as to lot 25 of block 1, the trial court should have dismissed plaintiff's action except as it involved said lot 25 of block 1.

"A person who has no interest in the title to real estate cannot maintain an action to remove a cloud upon the title to such real estate, or to quiet title thereto." Moore v. Barker, 186 Okla. 312, 97 P. 2d 776.

The resale deed presented to the trial court appears regular and valid on its face and its sufficiency as a valid conveyance of lot 25, block 1, is not challenged, and there is no challenge of the sufficiency of the proof to show title to lot 25 of block 1 in the plaintiff. As applies to that part of the judgment quieting title of the plaintiff to said lot, the issues presented by this appeal are identical with the issues presented in North v. Haning, 204 Okla. 321, 229 P. 2d 574. Our determination of such issues in the Haning case is here applied and reference is made to the opinion in the Haning case for a full statement and discussion of such issues.

In the instant case, as in the Haning case, the real estate involved was charged with street improvement bonds which had matured some six years before and with street improvement assessments which were past due for more than six years, and with a judgment for foreclosure of the lien of the assessments of six years duration without order of sale or special execution thereon having been issued.

In the Haning case, as reflected in the syllabus, we held:

"A decree for foreclosure of a special assessment rendered in an action pursuant to 11 O. S. 1941 §107 is a 'final determination of the rights of the parties in an action' and is in statutory definition a judgment, 12 O. S. 1941 §681, and such decree is a judgment within the meaning and usage of that term in the dormancy statute, 12

O. S. 1941, §735. Under said section 735, when a period of five years has elapsed after the date of such judgment and an order of sale has not been issued, as authorized under section 107, and as decreed in the judgment, the judgment becomes dormant and with an effect that such special execution may not thereafter issue and with an effect that the remedy for the enforcement of the assessment lien as provided by section 107 becomes spent and lost.

"11 O. S. 1941 §107 which grants a bondholder the right to institute an action to foreclose an assessment lien precludes any other or further action to collect such assessments when an action thereunder has been commenced and has proceeded to judgment. When such judgment has become finally dormant, the remedy for the enforcement of the lien becomes effectively lost. In such circumstances the commencement of the action under section 107 ceases to operate in toll of the three year period of limitation provided in 11 O. S. 1941 §242 for the commencement of action and the preservation of the lien, and under section 242 the lien ceases to exist and becomes subject to cancellation."

Herein, that part of the judgment quieting the plaintiff's title to the property described as lot 25, block 1, and for the cancellation of the assessment liens and bonds and the foreclosure judgment as clouds on the title to said lot is affirmed, and otherwise the judgment is reversed.

LUTTRELL, V.C.J., and CORN, HALLEY, JOHNSON, and O'NEAL, JJ., concur. GIBSON, J., concurs in reversal and dissents as to affirmance.

