LAWRENCE et al. v. AYRES et al.

No. 34281.   Jan. 15, 1952.

Rehearing Denied March 25, 1952.

*242 P. 2d 142.*

Jack H. Smith and J. I. Goins, Ardmore, for plaintiffs in error.

Welch, Welch & Welch and Little & Hamill, Madill, for defendant in error.

JOHNSON, J.   The plaintiffs in error, Harry E. Lawrence and Charles R. Rider, were defendants and Earl E. Ayres and G. F. Kennedy were the plaintiffs. The plaintiffs and two of the defendants, Elvin Childers and Mil-

dred Childers, obtained a judgment in the lower court and hereafter plaintiffs and the two Childers will be referred to as plaintiffs and plaintiffs in error as defendants.

Plaintiffs filed this action to quiet title to certain lands and to determine heirs of certain deceased persons but as between the plaintiffs and defendants, Lawrence and Rider, the principal question to be determined is whether the resale tax deed upon which plaintiffs base their claim of title is valid.

The defendants contend:

(1) That the resale tax deed of plaintiffs is void because the property was sold for an amount of money in excess of the taxes, penalties, interests and costs that were due and delinquent and unpaid.

(2) That the resale tax deed was void because the notice by publication failed to include the year or years for which the taxes had been assessed but remained unpaid as required by 68 O.S.A. §432b.

On the other hand it is contended by plaintiffs:

(1) That all adverse parties in the trial court were not served with case-made and for that reason the cause should be dismissed.

(2) That the final judgment in case No. 6648 was res judicata as to the defendants Lawrence and Rider; that said judgment resolved and concluded all issues of law and fact in favor of plaintiffs' grantor and in favor of plaintiffs as grantees.

As to plaintiffs' first contention it is noted that in the defendants' answer and cross-petition they asked that title to the land be quieted in them, for possession, for back rents and partition of the land involved. Upon judgment being rendered against them, the defendants, in appealing, served the case-made upon Earl E. Ayres, G. F. Kennedy, Elvin Childers and Mildred Chil-

ders, the parties for whom judgment was rendered and the board of county commissioners and other county officials, but did not serve any of the heirs of deceased persons for whom declaration of heirs was sought and adjudged. Citing 12 O. S. A. §958, and numerous cases.

We think this contention is without merit. See 12 O.S.A. §954, and Johnson v. Bearden Plumbing & Heating Co., 180 Okla. 586, 71 P. 2d 715.

The record shows that service of case-made was had upon all the parties that appeared at the trial and took part in the proceedings from which the appeal was taken and whose interest would be adversely affected by a reversal.

12 O.S.A. §954 provides:

"It shall not be necessary for the party appealing, to serve the case-made for such appeal on any party to the action who did not appear at the trial and take part in the proceedings from which the appeal is taken, or who shall have filed a disclaimer in the trial court; nor shall it be necessary to make any such person a party to the petition in error. . . ."

The plaintiffs next contend that a prior suit was res judicata as to defendants Lawrence and Rider.

The record discloses that plaintiffs, Earl E. Ayres and G. F. Kennedy, on July 30, 1948, filed a petition alleging that they and the two defendants below, Elvin Childers and Mildred Childers, his wife (all of whom are referred to herein as plaintiffs) were the owners of the SE of SE and SE of NE of SE of Section Four (4) Township Five (5) South, Range Four (4) East, located in Marshall County, Oklahoma, containing 50 acres more or less, which land was allotted to Dan Lewis; that he died a resident of Marshall county, Oklahoma, about August 27, 1905, leaving Jerden Hawkins and Olivia Shoemaker, nee John, as his sole heirs; that plaintiff deraigned their title through a tax deed dated June 11, 1942, from

the county treasurer to the board of county commissioners to M. R. Hughes and through mesne conveyances to the plaintiffs; that the resale tax deed and all proceedings based thereon were valid; that W. H. Lawrence and others in the chain of title died leaving undeclared heirs (all of which was undisputed and with which we are not here concerned); that their title be quieted.

The county officials filed general denials and the defendants, Harry E. Lawrence and Chas. R. Rider, filed answer and cross-petition deraigning their title to the lands described in plaintiffs' petition.

Defendants alleged that the resale tax deed was void for the reasons set out in their two propositions or contentions above.

Defendants tendered into court the amount of taxes as required by law and prayed that their title be quieted; that they recover possession of said property; the back rental value thereof, and that the lands be partitioned among the proper parties.

Separate answer was filed by the plaintiffs, Mildred and Elvin Childers, claiming their interest as set out in the plaintiff's original petition.

On the 2nd day of December, 1948, plaintiffs filed a reply to the answer and cross-petition of Charles R. Rider and Harry E. Lawrence denying generally their allegations of any right in the lands involved, and specifically as to Harry E. Lawrence for the reason that on January 8, 1948, the district court of Marshall county, Oklahoma, rendered judgment in the case of Wayland M. Hughes v. Jerden Hawkins et al., No. 6648, in which the defendant Harry E. Lawrence was a party defendant, duly served with a summons, but defaulted by failing to plead or answer the petition within time, and that title as against Harry E. Lawrence was quieted; that the judgment is a bar to any claim which he now asserts in this cause of action.

On December 6, 1948, defendants Lawrence and Rider filed an instrument designated as "First Amendment to General Appearance and Answer and Cross-Petition. . ." wherein they alleged in substance that the property was advertised and sold for an amount in excess of the amount of taxes, interest, penalties and costs that were due, delinquent and unpaid at the date of the first publication of the notice of sale of the property, which notice was first published April 9, 1942; that the resale notice published and the listing sheets of said resale in the office of the county treasurer failed to show the year or years for which said property was sold, either collectively or by years; that by reason thereof it was impossible for the defendants or their predecessors in title to ascertain whether $93.36 represented the true amount of taxes, penalties and interest due; that the original sale, conducted in December, 1939, of the lands involved was void and of no force and effect for the reason that the same was not advertised in the time and manner required by law; that the property had been doubly assessed for several years.

Thereafter, on the 8th day of December, 1948, Harry E. Lawrence filed a "Rejoinder" to reply to answer and cross-petition of Chas. R. Rider and Harry E. Lawrence, wherein it was alleged:

"That the judgment in the case of Hughes v. Hawkins No. 6648, did not bar . . . this defendant from any interest in the lands involved herein, other than those owned by Wayland M. Hughes, of the lands described in case No. 6648, at the time of filing of the suit or of the rendition of the judgment therein; namely, that Wayland M. Hughes was the owner only of the surface rights and undivided ½ interest of the minerals in and to the SE NE SE and the SE SE of Section 4, Township 5 South, Range 4 East, that was lying South and West of the A & C Railway.

"And for a further rejoinder, this defendant does not admit that the . . . judgment is a bar to this defendant of

any of his rights, title or interest or estate in and to any of the lands and premises, which is the subject matter of this action."

The record discloses that Wayland M. Hughes, as the owner of the surface rights and one-half of the mineral rights on the lands south and west of the railroad, brought suit, as alleged, to quiet his title against the defendants herein with others. Personal service was had upon Harry E. Lawrence; and Chas. R. Rider was served by publication notice. In this suit (No. 6648) the tax deed, which is the same deed involved in the case at bar, was adjudged to be valid. No appeal was taken from this judgment.

It is contended by plaintiffs that the judgment in case No. 6648 operates as a complete bar not only as to the land described in the judgment but bars the defendants herein from contesting the tax deed.

They argue that the question involved in that lawsuit was whether the tax deed involved in this lawsuit was valid and assert that the judgment therein declaring it valid cannot, in this, a subsequent suit, be contested by the same defendants or their successors as against the plaintiff or his successors in title.

We think that when the defendant Harry E. Lawrence, who was duly served by summons, failed to protect his rights by appearing, pleading or appealing from the judgment, such judgment concluded all his rights in the subject matter of the action and the judgment as to him is res judicata, but only as to the property involved therein. 30 Am. Jur., Judgments, §161 et seq. The record discloses that the defendant Chas. R. Rider was served in the prior action with notice by publication; that a default judgment was rendered against him on January 8, 1948; that thereafter, on November 22, 1948, the court, on his motion, reopened the judgment in so far as it applied to him. Under Title 12 O.S.A. §176, defendants are permitted to reopen such

judgments upon certain conditions prescribed therein. The record herein contains only the order reopening the judgment in the prior action but it indicates on its face compliance with the prerequisite conditions required by sec. 176, supra. Plaintiffs make no showing to the contrary; therefore, it was proper to consider the validity of the resale tax deed.

The defendants contend that the resale tax deed was void because the property was sold for an amount of money in excess of the taxes, penalties, interests and costs that were due; and that the notice by publication failed to include the year or years for which the taxes had been assessed but remained unpaid as required by Title 68 O.S.A. §432b.

It is admitted that the county treasurer purposely calculated the penalties up to the date of the resale, May 11, 1942, but defendants argue that penalties should have been calculated and included only to April 9, 1942, the date of the first publication of the notice of the resale and assert that the inclusion of the interest or penalties up to the date of the resale caused said sale to be void.

Admittedly, there was no clerical error, irregularity or miscalculation of the interest or penalty. The calculation of penalties up to date of resale and including same in notice of resale published April 9, 1942, was illegal and constituted fundamental error so as to render the resale tax deed void.

But plaintiffs urge that, under the provisions of 68 O.S.A. §432b, which provides:

"Such notice shall contain . . . the total amount of all delinquent taxes, costs, penalties and interest accrued, due and unpaid on the same and that such real estate will be sold to the highest bidder for cash,"

the treasurer must include all taxes, penalties, interest and costs as of the date of sale, which is the second Mon-

day in May following the notice by publication in April and the treasurer's publication of notice of resale herein so provided.

We do not agree. Section 432b, supra, does not require the treasurer to set forth the amount of the taxes and penalties as of the date of the sale, but rather such amounts as are due as of the date of the first publication of notice of resale.

In this jurisdiction the doctrine of strictissimi juris prevails and is applicable to tax resales. Lind v. McKinley, 196 Okla. 4, 161 P. 2d 1016; House v. Mainka, 196 Okla. 174, 163 P. 2d 225; Young v. Boswell, 191 Okla. 680, 134 P. 2d 592; Reynolds v. Clemmens, 199 Okla 153, 184 P. 2d 758; Whitehead v. Garrett, 199 Okla. 278, 185 P. 2d 686, and cases cited therein. See, also, annotations in 97 A.L.R. 842 and 147 A.L.R. 1141.

In the case of House v. Mainka, supra, and other subsequent cases, we have held invalid tax sales wherein the last quarter of taxes for the year preceding a resale were included in the notice of resale when the last quarter was not delinquent as of the date of the first publication of the notice of resale but which was due on May 1 subsequent to date of first publication of notice of resale and prior to date of sale. In the syllabus of this case, we said:

"The inclusion in a notice of resale of lands for nonpayment of taxes of the last quarter of the current year's taxes in the sum of about $6, but which quarter was not delinquent at the date of first publication of such notice, renders the notice fatally defective, and the resale and deed based thereon is invalid."

And, in Shnier v. Vahlberg, 188 Okla. 471, 110 P. 2d 593, in construing the 1939 statute, which, as amended, is 68 O.S.A. §432b, and is identical with the statute as construed therein except as to qualification of newspapers for publication of notices, we said:

"The grantee in a resale tax deed, issued pursuant to the resale held under the 1939 tax resale law (art. 31, ch. 66, S. L. 1939) secures a new and independent fee-simple title free from all *ad valorem taxes, interest, penalties, and costs, delinquent on the date when the resale notice should be first published,* under the statute providing that the issuance of such deed shall effect the cancellation and setting aside of all delinquent taxes, assessments, penalties, and costs previously assessed or existing against said real estate and of all outstanding individual and county tax sale certificates; and shall vest in the grantee an absolute and perfect title in fee simple in said lands." (Emphasis ours.)

The facts in the instant case are that on the date of the first publication, April 9, 1942, there was due on the property involved herein $62.97 for taxes, penalties and interest and the treasurer added to this another month's penalty of one per cent (1%) or approximately sixty-three cents (.63) over and above the amount due at date of first publication on the assumption that the statute provided for the inclusion of all amounts due as of the date of sale; and the trial court, upon these facts, found and held that such was an irregularity only and that the resale was valid.

By analogy, at least, the rule announced in the House v. Mainka and Whitehead v. Garrett cases, supra, is applicable to the case at bar. This error is based upon proceedings affecting the power to sell and the power is defeated by the excessive amount intentionally charged and the error is not cured by curative provision of our statutes as claimed by plaintiffs herein. Lind v. McKinley, supra.

The defendants were entitled to have their tender accepted and the resale tax deed set aside and it was error to render judgment for plaintiffs. In view of what has been said, we deem it unnecessary to consider other contentions of the parties herein.

The cause is reversed and remanded, with directions for further proceedings in accord with the views herein expressed.

GIBSON, DAVISON, O'NEAL, and BINGAMAN, JJ., concur. WELCH and CORN, JJ., dissent.