Randolph KIZZIRE, Eddie Hembree and Deloys Hembree, Plaintiffs in Error,

v.

S. J. SARKEYS, Defendant in Error.

No. 39073.

Supreme Court of Oklahoma.

May 9, 1961.

King and Wadlington, By Carloss Wadlington, Ada, for plaintiffs in error.

Woodford & Ballinger, Holdenville, for defendant in error.

JOHNSON, Justice.

This action was commenced February 2, 1956, by Randolph Kizzire against S. J. Sarkeys, Eddie Hembree, Deloys Hembree, Hal Welch, June Hembree, now McLish, unknown heirs of Edward S. Hembree, Board of County Commissioners, County Treasurer and County Assessor, all of Hughes County, Oklahoma, to quiet title to forty acres of land described as North Half (N/2) of South Half (S/2) of Southeast Quarter (SE/4) of Section 35, Township 4, North, Range 9 East, in Hughes County, Oklahoma.

The petition alleged ownership and possession of an undivided one-third interest in plaintiff, the remaining two-thirds interest being vested in defendants Eddie Hembree and Deloys Hembree. It further alleged that the defendant S. J. Sarkeys holds a resale tax deed upon such land dated May 22, 1945, and recorded May 29, 1945. The petition alleged this resale deed to be void for several reasons set forth therein. Those pertinent to the issues will be hereafter discussed.

The county officers answered by a general denial. The defendant Sarkeys filed an answer and cross-petition wherein he pleaded the statute of limitations; that he held under the resale deed in question, and by way of cross-petition asked that his title be quieted. The answer of the defendants Eddie Hembree and Deloys Hembree admitted the allegations of plaintiff's first cause of action as to ownership of the land and joined in the prayer of plaintiff's petition in the first cause of action to void the deed and quiet title.

The second cause of action for partition is not involved in this appeal.

Upon the issues thus formed, trial was had and judgment was rendered for the defendant Sarkeys quieting his title, from which judgment plaintiff appeals.

There are two questions involved in the appeal; namely, the application of the statute of limitations and the validity of the tax deed.

The statute of limitations is an affirmative defense and therefore the burden of producing evidence to make its

application clear rests upon the one relying thereon.

There is no dispute in this record that the base title to the land involved was vested one-third in plaintiff and one-third in each of the defendants, Eddie Hembree and Deloys Hembree, all of whom are plaintiffs in error.

■ We have repeatedly announced the conditions under which the statute 12 O.S. 1951 § 93 is applicable to suits of this character.

Where the base title holder is in possession, the five-year statute does not run in favor of the void tax deed holder. Williams et al. v. Bailey, Okl., 268 P.2d 868; Jenkins v. Frederick, 208 Okl. 583, 257 P.2d 1058.

■ When the void tax deed holder records his deed and has been in possession for five continuous years, the statute bars attack upon his void deed. Boone v. Claxton, Okl., 269 P.2d 980; Fletcher v. Twyford, Okl., 267 P.2d 554, and McCasland v. Parrish, Okl., 266 P.2d 450.

■ When the land is vacant, the constructive possession is in the valid title holder. Williams v. Bailey, supra; Morton v. Van Orsdol, 203 Okl. 394, 222 P.2d 520, and Sarkeys v. Payte, Okl., 274 P.2d 539.

■ The sum of the above opinions is that in order to make the statute applicable there must be a holding of possession by the void tax deed holder for five years under the same conditions as have been applied in cases involving adverse possession under the fifteen year statute.

■ Let us look at the facts as disclosed by the record. The only one favorable to the tax deed holder is the payment of some of the subsequent taxes. This is not controlling. Anderson v. Francis, 177 Okl. 47, 57 P.2d 619.

Concerning the evidence of actual possession, we need only refer to the evidence of Sarkeys:

"Q. Now, Mr. Sarkeys, this land is open land, is it not? A. Yes, sir.

"Q. Rough land? A. Yes, sir.

"Q. And have you exercised any supervision or dominion or control over it? A. Oh, my field man has the charge—my field man has the renting charge of all the different lands I have and he—every time go there and he try to rent it—I have some land joining to—you know, in that neighborhood, (interrupted)

"A. * * * and every time he try to rent it, he couldn't find a renter because the land is rough and there's no sale for it, and sometimes they use it anyway, they're gonna use it anyway without paying."

The evidence concerning the easement granted as showing possession is of no probative value. The date of the easement is not shown in the record, and there is no evidence that the electric line is located on the land in controversy. Further than this, the copy of the said cited easement only purports to cover a portion of the land involved. We attach no importance to this evidence as proving possession.

This was all of defendant's evidence concerning possession. On the other hand, there is evidence in the record showing this land to be fenced with adjoining land not belonging to plaintiff, and that Sarkeys demanded rent from the occupant, which rent was not paid.

Burden of establishing bar of statute of limitations is upon party asserting such defense. Peppers Refining Co. v. Spivey, Okl., 285 P.2d 228 and Harper-Turner Oil Co. v. Bridge, Okl., 311 P.2d 947.

We think it clear from the above that defendant Sarkeys never was in possession of the land, and therefore the statute of limitations has no application.

■ We come now to the remaining question concerning the validity of the tax deed.

The evidence shows two things without dispute: 1. For certain years this land was assessed with an adjoining tract of 120 acres, the title to the two tracts being in different owners. 2. That this tract was

sold at resale for the taxes due on the two tracts.

The county treasurer testified that this land was sold at the 1945 resale for taxes from 1923 to 1943, inclusive, in the sum of $1,279.47; that this sum included taxes on other land for the years 1923 to 1933, inclusive, and for the year 1938; that these taxes covered those on the forty acres involved here and the taxes on an additional 120 acres.

The record further shows without dispute that the 160 acres mentioned had formerly belonged to Edward S. Hembree. On April 5, 1923, Hembree conveyed this 120 acres to J. F. Locke, retaining the forty acres, the subject of this litigation. From that time on, these two tracts were never owned by the same person.

It is therefore apparent that these two tracts were assessed together, and that the tract herein involved was advertised and sold for the total taxes due on both tracts for the years set out above.

This court is committed to the rule that the assessment of two tracts of land, separately owned, as a unit is a void assessment. Clark v. Prince, 191 Okl. 551, 131 P.2d 761, 144 A.L.R. 337; Evans v. Neal, 198 Okl. 515, 180 P.2d 661, and Egan v. Henshaw, 197 Okl. 83, 169 P.2d 298, 299.

The assessment being void for the years named, no taxes were due for those particular years. As was said by the court in Egan v. Henshaw, supra:

"We have no doubt that in such allegations there lies a prima facie showing of a void assessment which is equivalent to no assessment for the purposes of the tender statutes supra. In Hill v. Henry, 190 Okl. 413, 124 P.2d 405, we pointed out that no tender would be required when the land has not been assessed."

Such a holding means that under a void assessment, no taxes are due. Obviously, if no taxes were due they should not be included in a resale.

The defendant in error urges that since there was a valid original sale in 1940, subsequent to the erroneous assessments, that the inclusion of the illegal amounts for previous years does not invalidate the sale. With this conclusion we cannot agree. Even though this resale was based upon a valid original sale in 1940, and that a county treasurer may endorse previous delinquent taxes upon the original sale certificate, we find nowhere in the opinions of this court authority for endorsing thereon fourteen years of wholly illegal taxes in the sum of more than $1,000 in both purported taxes and penalties. This is no insignificant sum charged against a tract where the annual taxes were less than eight dollars.

It is urged by the defendant in error that the case of Gardner v. Jones, Okl., 309 P.2d 731, 735, created a "new rule" in this jurisdiction. Whatever variance from our rules that opinion may have created, we are satisfied that such variance will not sustain this tax deed. In that case all of the taxes for which the land was advertised and sold were legal and delinquent. The first contention made was that taxes antedating the original sale were included, but it was admitted these were legal and delinquent. The court approved the inclusion of such taxes. The second contention was that excessive penalties in small amounts voided the deed. This court quoted from the case of Baldwin v. Gillaspie, 197 Okl. 175, 169 P.2d 204, as follows:

"* * * Here we are concerned with a small deficiency in the amount of penalties and costs, which, if it exists in fact, is due to a slight clerical error in computation of such penalties and costs. The error, if it exists, was but an irregularity and cured by the provisions of the statute above cited. Such trivial, unintentional errors in computation would not affect a resale otherwise valid in any event."

We are not prepared to hold that the inclusion in a resale of more than $1,000

in illegal charges comes within the purview of the expression "trivial." The holding of the Gardner case, supra, overruling Lawrence v. Ayres, 206 Okl. 218, 242 P.2d 142, and Lind v. McKinley, 196 Okl. 4, 161 P.2d 1016, "insofar as they, or either of them, are contrary to the decision and opinion in this case" did not overrule such cases in their application to this cause. Here the illegal charges included were neither trivial nor unintentional.

Upon the authority of the following cases, we hold the resale deed to the defendant in error to be void. Carman v. McMahan, 198 Okl. 367, 178 P.2d 626; Dyer v. Dalton, 197 Okl. 601, 174 P.2d 252; Parks v. Briggs, Okl., 268 P.2d 283; House v. Mainka, 196 Okl. 174, 163 P.2d 225; Allgood v. Wetsel, Okl., 275 P.2d 317; Harris v. Dungan, 199 Okl. 350, 185 P.2d 949; Lind v. McKinley, supra; Reynolds v. Clemmens, 199 Okl. 153, 184 P.2d 758; Rogers v. Sheppard, 200 Okl. 203, 192 P.2d 643; Sarkeys v. Evans, 197 Okl. 304, 170 P.2d 229; Lawrence v. Ayres, supra; Smith v. Barry, 200 Okl. 619, 198 P.2d 400; Whitehead v. Garrett, 199 Okl. 278, 185 P.2d 686; Williamson v. Hart, 199 Okl. 328, 186 P.2d 71; Chapman v. Calhoun, 204 Okl. 63, 226 P.2d 974; Schultz v. Evans, 204 Okl. 209, 228 P.2d 626; North v. Kidd, 204 Okl. 623, 232 P.2d 931; Anderson v. Hill, 205 Okl. 561, 239 P.2d 1016; Sarkeys v. Simpson, 206 Okl. 425, 244 P.2d 311; Boone v. Claxton, supra; Parks v. Replogle, 207 Okl. 536, 251 P.2d 794; Jenkins v. Frederick, 208 Okl. 583, 257 P.2d 1058, and Young v. Boswell, 191 Okl. 680, 134 P.2d 592.

This cause is reversed and remanded with directions to enter judgment for the plaintiffs in error herein upon compliance with the tender statute, which the record shows has been done by deposit in court.

WILLIAMS, C. J., and WELCH, DAVISON, HALLEY, JACKSON, IRWIN and BERRY, JJ. concur.