KNISELY v. BOARD OF TRUSTEES OF TOWN OF SKIATOOK.

No. 30975. March 2, 1943.

Rehearing Denied March 16, 1943.

*134 P. 2d 971.*

Charles R. Nesbitt and M. S. Bernard, both of Tulsa, for plaintiff in error.

L. H. Taylor, of Skiatook, for defendant in error.

WELCH, J. The action was commenced to cancel resale tax deed issued to the board of trustees of the town of Skiatook, Okla., and to cancel certain tax assessments for 1928 to 1934, inclusive, and ad valorem tax assessment for 1938. Judgment was rendered against the plaintiff for the town of Skiatook, and denying plaintiff any relief.

The plaintiff appealed and here attacks the judgment rendered in favor of the town. The plaintiff contends that the resale tax deed issued to the defendant town is void on various grounds, such as (1) alleged illegality of the tax assessment; (2) alleged irregularities in the tax resale; (3) that the defendant town is not authorized in law to purchase land at a tax resale; and (4) that the defendant town, having rented and leased said land from the plaintiff, and being in possession of same as plaintiff's tenant, was not authorized to purchase the land at tax sale.

At the outset, we are confronted with the question whether plaintiff should have tendered and paid into the court the sum necessary to redeem the premises. 68 O. S. 1941 § 453 and 455. The defendant sought to require such tender in the trial court and it appears the trial court took that matter under advisement, and after full trial of the case and finding that the defendant town was entitled to judgment on the resale tax deed, no order was made on the request to require such tender of the plaintiff. The defendant in this court renews his request to require such tender of the plaintiff.

The plaintiff contends that he need not make such tender because the property was not lawfully assessed; that the assessments appearing of record were irregular and invalid to such an extent as to be wholly void; that therefore the property stands as though not assessed, and that therefore the statutory requirement for tender is not applicable.

We do not find the assessment to be void. The trial court found that the paving taxes involved were duly certified to the county treasurer and were unpaid for the years 1928 to 1934, inclusive, and that the property was properly sold at annual tax sale to the county for and on account of some of those assessments. As to the 1938 assessment for ad valorem taxes, the same was irregular in that two contiguous lots were assessed as a unit, though at the 1941 resale the lots were listed and sold separately, each for one-half of the total sum of ad valorem taxes against the two lots. The record is silent as to whether the 1938 assessment was made by the plaintiff himself or by the tax assessor.

There does not appear any irregularity as to the assessment of paving tax against the lots during the years prior to 1934, including the tax for which the property was first sold to the county at annual tax sale, and while the assessment for 1938 was irregular, it does not appear that it is void or that it operated to deprive plaintiff of any substantial right or resulted in any injustice to plaintiff. See Board of County Com'rs of Tulsa County v. Sutton, 185 Okla. 665, 95 P. 2d 648; 61 C. J. page 737, par. 919.

Since it is not shown that the assessment was void, then the obligation was on plaintiff to tender into court the sum necessary to redeem before he could attack the resale tax deed as he here seeks to do on the other asserted grounds.

The plaintiff is not entitled to present and have determination of his attack

on the resale deed either in the trial court or in this court in the absence of such tender. It is plainly so provided by the statutes above cited. This question of tender is called to our attention in the brief of defendant in error and by appropriate motion. Therefore, in the absence of such tender, having first determined that the assessment was not void, it is our duty to affirm the judgment of the trial court in full without considering or determining the other questions presented by plaintiff in error by way of attack on the tax deed. Those are questions which plaintiff may only present and have determined after complying with the tender statute above cited. Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, J.J., concur. ARNOLD, J., absent.