CHAPMAN et al. v. CALHOUN et ux.

No. 33944. Jan. 23, 1951.

*226 P. 2d 974.*

Earl Q. Gray and John M. Poindexter, Ardmore, for plaintiffs in error.

Cornelius Hardy, Tishomingo, for defendants in error.

HALLEY, J. Walter F. Calhoun and his wife, Mildred A. Calhoun, filed this

action to quiet title to two tracts of land in the town of Tishomingo. Only tract 2, being lot 4, block 78, is involved in this appeal. This tract was owned by Roxie A. Chapman, and upon her death in December, 1940, her title passed to her heirs, who are named as defendants in this action. Roxie A. Chapman had not paid the taxes on this land for the year 1937, 1938, and 1939. On November 6, 1939, the county treasurer of Johnston county sold the land at original tax sale, and the land was bid in for Johnston county, and on May 22, 1942, was purchased by Johnston county at resale for the full amount of taxes, interest, penalty and costs, including the taxes for 1940 in the sum of $37.43, which had been paid on April 30, 1941.

On August 4, 1942, the county sold the land to E. R. Cole, who, on January 8, 1947, conveyed the land by quitclaim deed to Walter F. and Mildred A. Calhoun, the plaintiffs herein, who filed this action to quiet title on June 17, 1947, alleging title under resale tax deed and sale by the county to E. R. Cole, and pleaded that the defendants were bound by the statutes of limitation as provided in 68 O.S. 1941 §§432f, 453, and 455.

The defendants filed an answer and cross-petition, and alleged that the resale tax deed under which plaintiffs claimed title was void because it was based upon an original sale wherein the notice was not given as required by law, and because the resale was for the 1940 taxes, which had been paid prior to resale. Defendants prayed that title be quieted in them and the resale tax deed declared void. Defendants tendered all taxes, interest, penalty, and costs.

Plaintiffs replied that the notice of original tax sale was duly published on October 19, October 26, and November 2, and sale made on November 6, 1939, and in the absence of other bidders the land was sold to Johnston county for the entire amount of taxes, interest, penalty, and costs due thereon.

In their reply, plaintiffs further alleged that from the date of the original tax sale in 1939, the defendants had not been in possession of or exercised any control over the land, or claimed any interest therein, until this action was filed by plaintiffs; that defendants had constructive notice of the deeds in plaintiffs' chain of title; that after acquiring title, the plaintiffs had erected valuable improvements on the land, including a $12,000 residence partly on the land, in which they now resided; and that defendants were barred by laches from claiming any interest in the property. There is no evidence that anyone was in actual possession of the land from 1940 to 1947, when E. R. Cole quitclaimed to the plaintiffs, who appear to have begun improvements soon after January 8, 1947, when they obtained their quitclaim deed from E. R. Cole. The evidence shows that their improvements were completed by April 15, 1947.

On July 7, 1948, judgment was rendered for plaintiffs quieting their title to the land involved. The court found that the title of plaintiffs was acquired by the resale tax deed to Johnston county dated May 26, 1942, and described above, and the deed from Johnston county to E. R. Cole dated October 5, 1942, and the quitclaim deed from E. R. Cole to plaintiffs dated January 8, 1947. That the resale and county deeds were regular upon their face and had been of record for more than one and two years prior to any action by defendants to test their validity. That the land involved was vacant at the date of original sale for taxes in 1939, and at the date of resale, and that more than five years had elapsed from the date of resale to the date of the filing of this action. That plaintiffs had made valuable improvements on a part of the land, including a home, and that the defendants are guilty of laches.

We shall refer to the parties as "plaintiffs" and "defendants", as they appeared in the trial court.

The plaintiffs have filed in this court a motion to dismiss the appeal of the defendants, upon the ground that the defendants, in seeking by their cross-petition to set aside a tax sale, failed to make good their tender of the amount of taxes, interest, penalty, and costs necessary to redeem from tax sale by one seeking to set aside a deed, as provided by sections 453 and 455, 68 O.S. 1941.

In support of their motion to dismiss, plaintiffs cite Highfill v. Friedman, 200 Okla. 662, 199 P. 2d 200. There the party who sought to cancel a tax deed was ordered by the court to pay the amount necessary to redeem into court. Upon refusal to make a tender or to pay the necessary sum into court, the court dismissed his action. They also cite Knisely v. Board of Trustees of the Town of Skiatook, 192 Okla. 225, 134 P. 2d 971, in which case no tender was made in the pleadings nor in open court. No order requiring tender was made by the court. However, it was held that a tender was necessary. Neither of the above decisions is applicable here. The defendants here first made a tender in their demurrer to plaintiffs' petition, and again in their cross-petition, and then, in open court, renewed their tender. No order was made or requested by plaintiffs to require defendants to pay into court the amount necessary to redeem, and no objection was made by the plaintiffs to entry of judgment prior to payment of the money into court. In Morgan v. Whitehead, 196 Okla. 402, 165 P. 2d 338, we held that it is the duty of the trial court to require the amount of taxes, penalty, interest, and costs legally charged against the land to be paid into court before judgment canceling the tax deed is made effective. We think the tender made by the defendants in the case under consideration was sufficient. See, also, Ponder v. Ebey, 194 Okla. 407, 152 P. 2d 268.

If the court had rendered judgment holding the tax deed invalid, it would have been the duty of the court to require the defendants to pay into court the cash necessary to redeem the land from tax sale; but since the court did not enter such judgment, but rendered judgment for the plaintiffs upon another theory, it would have been improper for the court to have ordered the defendants to make good their tender by paying the money into court, when no judgment canceling the tax deed was entered and no finding was made by the court that the tax deed was either valid or invalid.

Defendants present two reasons why the judgment for plaintiffs was erroneous. It is first contended that the original tax sale was void because the notice of sale was not properly given, and because the amount of taxes shown in the resale notice to be due against the property, and for which it was sold at resale, was more than the amount of taxes actually due. They next contend that because the tax deed was void upon the face of the record, the defendants are not barred from recovery by the statutes of limitation or laches.

In Welborn v. Whitney, 190 Okla. 630, 126 P. 2d 263, we considered fully the question involved here, and held:

" . . . that this statute required the publication of said notice for a period of 21 days and that a publication of said notice for a less period of time constituted a fatal defect in the tax proceedings rendering a sale pursuant to said defective notice void."

It is admitted that resale on November 6, 1942, included the 1940 taxes, which had been paid on April 30, 1941. In Lind v. McKinley, 196 Okla. 4, 161 P. 2d 1016, we held that land could not be sold for taxes not properly charged against it and that such tax sale was invalid. In Harris v. Dungan, 199 Okla. 350, 185 P. 2d 949, we said:

"A resale tax deed which was based upon resale for an excessive amount in that it included taxes, penalties, etc., cancelled by a prior resale deed was void upon the face of the record and hence subject to attack more than one year after it had been recorded."

In that case, taxes for the years 1926, 1927, and 1928 had been canceled by

a resale in 1929. A subsequent resale included the taxes which had been canceled by the resale, and the sale was declared invalid. We can see no distinction between the facts in that case and those in the case under consideration. The 1940 taxes had been paid, but were included in the resale. The taxes in the Harris case for certain years had been canceled by prior resale, but were included in the resale, which had the same effect as if the taxes for those years actually had been paid.

It was said in Dyer v. Dalton, 197 Okla. 601, 174 P. 2d 252:

"Sale of realty at tax resale for more than $10 in excess of total amount of taxes that had been legally assessed rendered sale invalid and resale deed issued pursuant thereto was void, since a purported tax sale of realty for taxes, illegally assessed, or for an amount in excess of taxes legally assessed, is void."

The tax deed relied upon by plaintiffs is void upon the face of the record. Are the defendants barred by the one-year statute of limitation, as provided by sections 432f and 455, 68 O.S. 1941, or by the two-year statute, as provided by section 93, 12 O.S. 1941, from asserting the invalidity of the deed recorded May 26, 1942, or the county deed recorded October 10, 1942? The case of Welborn v. Whitney, supra, holds that the defendants are not barred from attacking the validity of the tax deeds; and in Terwilleger v. Bridges, 192 Okla. 642, 138 P. 2d 79, it is said:

" . . . Though the deed is valid upon its face, if the county treasurer was without jurisdiction and power to sell the property the deed is void and the defendant is not barred from attacking same by any statute of limitations. . . ."

In Lind v. McKinley, supra, the rule is also announced to the same effect as in the foregoing case. See, also, Rogers v. Sheppard, 200 Okla. 203, 192 P. 2d 643.

The plaintiffs place great stress upon their contention that the defendants are estopped by laches. It appears from the evidence that J. O. Chapman, an heir of Roxie A. Chapman, who died in 1940, was looked to by the other heirs to pay the taxes on the land in the Roxie Chapman estate. J. O. Chapman lived in San Antonio and at the Chapman Ranch in Texas, a great distance from the land involved. Fred Chapman, who testified in his own behalf, lived at Ardmore, some 35 miles from Tishomingo. The Chapman estate owned the Washita Farms, near Tishomingo, and maintained a headquarters there. Fred Chapman testified that he did not know why the taxes on the lot involved herein were not paid, but assumed it was an oversight. He claims that he did not know of the tax sale, resale, or county deed to E. R. Cole, or of the conveyance by Cole to the plaintiffs, until he had notice that the present action had been filed.

While it is the duty of one owning taxable real estate to pay the taxes thereon as they become due, and this duty requires no notice on the part of the tax-collecting authorities, one who purchases property from one whose title is based upon tax sales is chargeable with notice of any defects existing in the record of the tax sale proceedings. In Welborn v. Whitney, supra, this court quoted with approval from the Kansas case of Reitz v. Cooper, 123 Kan. 755, wherein it was said:

"The rights of a purchaser of a tax deed are statutory, not equitable. . . .

"Ordinarily, a purchaser of a tax deed is not a purchaser in good faith, as that term is used in the purchase of real estate. The rule of caveat emptor also applies to him. . . . He is bound to know what the tax records show."

Having concluded that the original tax sale was void for failure to give the required notice for a sufficient time, and that the resale deed to Johnston county was void because the property was sold for 1940 taxes which had been paid, and that the tender of the defendants was sufficient since judgment was not rendered for the tenderer, we

find that the plaintiffs had no ground upon which to base their title, except that they had placed a portion of a residence upon the land after acquiring a deed from E. R. Cole. There is no evidence that the land was actually occupied or improved in any manner until plaintiffs began to make improvements in January, 1947. They made their improvements when they were chargeable with notice of the defective tax proceedings above set forth. If they are entitled to recover, such recovery must be based upon the strength of their own title. In the absence of any evidence that the defendants had notice that the plaintiffs were erecting valuable improvements upon the land, or that they sat idly by with knowledge that such improvements were being made, and made no objection thereto, and failed to notify the plaintiffs that the defendants claimed title to the property, the plea of laches is not convincing. There is undisputed evidence that the defendants knew nothing of plaintiffs' improvements until served with summons in this action. The defendants, or their predecessors in title, did permit the taxes to become delinquent prior to 1940, and permitted the land to be sold for taxes and at resale, and are chargeable with notice of these proceedings; but they could not be divested of title by sales that were invalid on the face of the record.

A careful search of the record fails to disclose that any one of the defendants did anything to mislead the plaintiffs. They are charged only with the failure to act in redeeming the land from the 1939 tax sale. This was a duty they owed to the State of Oklahoma, and not to the plaintiffs. They had no actual notice that the land had been sold for taxes while it belonged to their predecessor, Roxie A. Chapman, and no actual notice of the resale in 1942 to Johnston county, nor of the county deed to E. R. Cole. They were chargeable with constructive notice of these events. The plaintiffs are likewise chargeable with constructive notice of the invalidity of the tax proceedings above set forth. The plaintiffs acquired title on January 8, 1947, and completed their improvements by April 15, 1947. This action was commenced on June 17, 1947. The trial court based its findings of laches principally upon the fact that defendants permitted the plaintiffs to place valuable improvements upon the land before asserting any interest therein.

This case appears to have been tried upon the assumption that Roxie A. Chapman was the owner of the legal title prior to tax sale, and that the Chapman defendants were her heirs and had inherited her interest. In their brief, plaintiffs deny that they made any such admission in their pleadings or otherwise. It is true that the defendants introduced no documentary evidence to show title in Roxie A. Chapman, except the tax records, which showed that the land had been assessed in her name. No objection was made in the trial court to the claim of her heirs that they had inherited her interest. However, the evidence was clear that the original tax sale and all subsequent conveyances based thereon were void. The right of the plaintiffs to recover did not depend upon any right or title of the defendants. In Bridwell v. Goeske, 200 Okla. 244, 192 P. 2d 656, this court announced the rule in the body of the opinion as follows:

"In plaintiff's petition it is recognized that but for the tax deed the title to the land is vested in defendant Goeske and it is therein alleged that plaintiff's claim of title is based upon the tax deed. The issue of title thus turned upon the validity of the tax deed and such was the sole issue presented at the trial. With the determination that the tax deed was void, the correctness of which is not questioned, the entire claim of plaintiff was proven to be nonexistent. Being without interest in the land, the errors of the court, if any, in adjudging defendant's title are immaterial to plaintiff, who is without any right to be prejudiced."

It is a well established rule in this state that where one tries a case upon

one theory, he cannot present a different theory on appeal. This case was tried upon the theory that the Chapman defendants had inherited legal title to the land involved from Roxie A. Chapman, and plaintiffs made no claim in the trial court that these defendants had not inherited the legal title from Roxie A. Chapman, deceased; and under the rule announced above it is immaterial to the plaintiffs what title the defendants had, when the plaintiffs themselves had no title.

We conclude that the court erred in giving judgment for plaintiffs upon the equitable doctrine of laches. The undisputed facts do not warrant such a finding, and equity does not support the divestiture of title upon a tax deed void upon the face of the record by the mere erection of improvements by the purchaser of the tax deed.

What rights the plaintiffs may have under the occupying claimant's statute need not be here determined since that question will arise at the time of or subsequent to the rendition of the judgment hereinafter directed.

The judgment is reversed, with directions to the trial court to enter judgment for the defendants upon compliance with their tender of interest, taxes, penalties, and costs.

ARNOLD, C.J., LUTTRELL, V.C.J., and CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.