CORNELIUS v. McKEE et al.

No. 35216.    July 23, 1952.

*246 P. 2d 725.*

Roscoe Bell, Oklahoma City, John F. Hudson, Stigler, and Joseph M. McGrath, Dayton, Ohio, for plaintiff in error.

E. O. Clark, Stigler, for defendants in error.

O'NEAL, J. This action was commenced in the district court of Haskell county, by plaintiff in error, hereinafter referred to as plaintiff, against the defendants in error, hereinafter referred to as defendants, to quiet title to and for possession of the north half (N½) of the southwest quarter (SW¼) of section sixteen (16) in township eight (8) north, range eighteen (18) east of the I. M. in Haskell county, Oklahoma, and for a money judgment for the usable rental value of said land for the alleged wrongful withholding thereof by the defendant G. C. McKee.

The petition of the plaintiff with its amendments covers thirty-six typewritten pages of the record, excluding numerous exhibits thereto attached. Plaintiff pleads evidentiary matter, as well as numerous statutes, upon which he bases his respective legal contentions for a recovery herein.

The statute which provides that the petition must contain "A statement of facts constituting the cause of action in ordinary and concise language, and without repetition," has not been complied with.

The record substantially discloses that plaintiff became the owner of a fee-simple title in and to the north half (N½) of the southwest quarter (SW¼) of section Sixteen (16) in township eight (8) north, range eighteen (18) east of the I. M. in Haskell county, Oklahoma, in the year 1911. In November, 1940, the county treasurer of Haskell county, Oklahoma, bid off the land for the unpaid ad valorem taxes for the year 1939, in the sum of $35.03. In the treasurer's sale notice of November, 1940, the land above described was listed as N½ SW . . . Adv. 1939 . . . 78.83. The ad valorem taxes for the year 1939, then delinquent, were the sum of $35.03. Plaintiff had paid all taxes on the north half (N½) of the southwest quarter (SW¼) of section sixteen (16) in township eight (8) north, range eighteen (18) east of the I. M. in Haskell county, Oklahoma, for all years prior to 1939, as well as for the years 1940, 1941 and 1942.

The county treasurer bid in the land for Haskell county, and thereafter issued its county treasurer resale deed to the defendant G. C. McKee. This deed was dated the 10th day of May, 1943. When plaintiff was informed of the issuance of the tax deed to the defendant McKee, he addressed letters to the county treasurer and the county attorney of Haskell county, for information as to how he might proceed to redeem the land from the tax sale. Not receiving any reply to these letters he addressed a letter to the Attorney General who advised him to employ an attorney in the matter.

The record discloses that the plaintiff made proper tender of the payment of all taxes, penalties, interest and costs, which plaintiff would be required to pay if he were redeeming the property, and in his petition he alleged that these tenders were renewed subject to the judgment of the court. From the judgment in favor of the defendant McKee, plaintiff appeals and asserts the judgment should be reversed on the following ground: That the original sale of November, 1940, and the publication notice of the county treasurer did not describe the 80-acre tract of land described in his petition. This contention must be sustained.

Plaintiff testified that the Haskell County Tribune, in which the notice was published, under date of October 17, 1940, did not contain a description of the 80-acre tract theretofore sold for the 1939 delinquent taxes. Moreover, the deputy clerk testifying with reference to the treasurer's return of the November, 1940, sale was asked the following questions:

"Q. Now that line—the North Half of Southwest—do you find noted after that any Section, Township or Range given? A. No, sir (***) It's blank.

"Q. What is the amount of taxes stated opposite that? A. $78.83.

12

Plaintiff argues that the sale covering the delinquent taxes for the year 1939 cannot be sustained on the ground that the county treasurer failed to comply with 68 O.S. 1951 §382. Sec. 382 in so far as here applicable provides:

"Such notice shall contain a notification that all lands on which the taxes of such fiscal year remain due and unpaid will be sold, and of the time and place of the sale, and shall contain a list of the lands to be sold and the amount of taxes due."

The publication notice relied on by the defendant McKee described the plaintiff's land as the N½ SW Adv. 1939 78.83. We hold that the description is entirely inadequate to advise the plaintiff that the county treasurer sought to sell any land in which the plaintiff had or claimed an interest. Moreover, the taxes due, under the admitted facts for the year 1939, were the sum of $32.94, and not as shown by the publication notice, the sum of $78.83.

In Lind v. McKinley, 196 Okla. 4, 161 P. 2d 1016, we said:

"A sale of property at a tax sale for a substantial sum, more than the amount of taxes, penalties, interest, and costs due, renders the sale invalid and proceedings based thereon void."

In Jones v. Storie, 172 Okla. 473, 40 P. 2d 1067, we held:

"A tax deed based upon a sale of property which was not included in the notice of sale renders both the sale, so far as that particular property is concerned, and the deed based thereon, void."

The defendant McKee contends that the plaintiff cannot maintain the present action because he did not commence his action within one year after the recording of the resale deed, and the action is barred by the applicable statute of limitation, to wit: 68 O.S. 1951 §455. The statute is as follows:

"No action shall be commenced by the holder of the tax deed or the former owner or owners of land by any person claiming under him or them to recover possession of the land which has been sold and conveyed by deed for non-payment of taxes, or to avoid such deed, unless such action shall be commenced within one year after the recording of such deed; and in case of action to avoid the deed not until all taxes, interest and penalties, costs and expenses shall be paid or tendered by the party commencing such action."

We have frequently held that the one-year statute of limitation cannot be successfully plead as a bar to an action under a void tax deed. Chapman et al. v. Calhoun, 204 Okla. 63, 226 P. 2d 974; Terwilleger v. Bridges, 192 Okla. 642, 138 P. 2d 79.

Other propositions urged in the briefs need not be considered as under the record the case must be reversed with instructions to enter judgment in favor of the plaintiff quieting title to and for the possession of the north half (N½) of the southwest quarter (SW¼) of section sixteen (16) in township eight (8) north, range eighteen (18) east of the I. M. in Haskell county, Oklahoma, subject to the payment by plaintiff of all delinquent taxes, penalties, interest and costs which are properly assessed against said land. It is so ordered.

HALLEY, V.C.J., and DAVISON, JOHNSON, and BINGAMAN, JJ., concur.