Carl TRAPPE, same person as Carl R. Trappe, Plaintiff in Error,

v.

F. W. FREEBORN, Defendant in Error.

No. 36441.

Supreme Court of Oklahoma.

Sept. 27, 1955.

Rehearing Denied Oct. 25, 1955.

F. M. Bookstore, Oklahoma City, Fred Green, Sallisaw, for plaintiff in error.

Paul V. Carlile and Roy Frye, Sallisaw, for defendant in error.

PER CURIAM.

Carl Trappe, identified as the same person as Carl R. Trappe, filed this action to quiet title to fourteen tracts of land located in Sequoyah County, Oklahoma. There

were a large number of parties defendant in addition to F. W. Freeborn, defendant in error here. The judgment of the trial court quieted title to a portion of the land sued for in the defendant F. W. Freeborn. It is this part of the trial court's judgment upon which appeal has been taken. The issues as between plaintiff and other defendants have been settled in judgment. The description of the land awarded defendant appears further along in this opinion. Plaintiff Trappe bases his claim of ownership upon a County Treasurer resale tax deed dated May 17, 1950. Judgment was first entered on February 9, 1953, quieting title in plaintiff against all the defendants. F. W. Freeborn was in default at the entry of judgment but on April 22, 1953, filed a petition to vacate the judgment. On June 17, 1953, the trial court vacated the judgment in so far as the defendant, F. W. Freeborn was concerned, allowing the filing of his answer attached to the petition to vacate and accorded to defendant the right to defend. The order vacating the judgment was entered on the default of plaintiff.

The defendant amended his answer, the plaintiff filed a motion to make more definite and certain and to strike and a reply.

The case was tried to the court largely upon stipulations as to facts and on statement of counsel.

The defendant in his original answer set out certain described lands claimed by plaintiff under his resale tax deed, contending that there was a double assessment of taxes on part of said land; that 1947 taxes on said part had been paid by him but included in the resale proceedings, and that the penalty and interest figures were incorrect. He prayed judgment establishing his ownership thereof by reason of the invalidity of plaintiff's tax deed. He amended his answer to allege as further ground for voiding the tax deed, that it was void by reason of the failure to include in the sale unpaid taxes for the years 1943, 1944 and 1945 assessed on lands not involved in this appeal but included in the resale deed.

The motions filed by plaintiff were pending on trial day and upon agreement of counsel were disposed of by the court without delay in the trial.

Plaintiff's motion to strike the amended answer as being at variance with the petition to vacate and the order vacating the judgment was overruled. Plaintiff's motion to make more definite and certain was sustained with permission to defendant to amend without prejudice to trial. The purpose of the motion being to require defendant to state with exactness his claim as to the land doubly assessed and the instances of irregularity in assessing taxes, interest and costs. The issues were established and drawn on statement of counsel and the pleadings as filed. Upon the clarification of issues the court placed the burden upon defendant to establish his right to defend and to prove the invalidity of plaintiff's tax deed.

Whereupon, defendant introduced in evidence a warranty deed from one Cecil L. Henry and wife to himself, dated February 4, 1944, describing, among other lands, the property set out in defendant's answer. The court concluded from this deed and other instruments of record produced by defendant that defendant had established ownership and the right to defend. The court's finding and direction to further progress of the trial appears in the following extract from the record:

"The Court: * * * (To counsel for defendant) You are attacking the tax deed and you have got to show the deed is void. First of all you have to show that you have some right to attack it. Otherwise you have no more rights than I have. A tax deed under the statute is presumed to be legal.

"Mr. Green: (Counsel for Plaintiff) I think he has got enough in the record to show it.

"The Court: I am taking the position you have sustained the burden to the extent of showing you have a right to attack his deed. Now you have to show that it is void."

We find that the record amply supports the finding of the court and that the proceedings quite properly were continued with trial as to the validity of the tax deed.

Defendant called a witness from the office of the County Treasurer who with records of that office at hand read and testified therefrom. It was from the testimony of this witness, the records there produced and the later stipulation of counsel that the court found plaintiff's tax deed void.

The judgment of the court quieted title of defendant, F. W. Freeborn to that portion of land involved in the suit as follows: The South half of the North half of the Northeast Quarter, & the Northeast Quarter of the Northeast Quarter of the Northeast Quarter & the Northeast Quarter of the Northwest Quarter of the Northeast Quarter, and the Southeast Quarter, & the East half of the Southeast Quarter of the Southwest Quarter of Section Eighteen (18), Township Thirteen (13) North, Range Twenty-four (24) east.

The additional land described in defendant's answer but not involved in this appeal was awarded plaintiff.

Counsel for the parties entered into a written stipulation, incorporated in the record. In the stipulation the land awarded defendant with other lands claimed by defendant in his answer was designated as "Tract 1". Similarly the land awarded plaintiff was under designation "Tract 2". Under the stipulation as to such designated Tract 1, counsel for plaintiff and defendant agreed that the records in the County Treasurer's office reflected the following significant facts:

All of Tract 1, which included the E½-SE-SW, was assessed as a unit for the year 1947 and the taxes were paid.

The said E½-SE-SW was assessed separately from Tract 1, in which this land was included, for the year 1947, which assessment did not reflect payment.

■ All of the land in Tract 1 was advertised for the 1946 base sale under certificate No. 266, and Tract 1 was also advertised under the same certificate number for the 1950 resale. The years for which taxes were shown as unpaid in the 1950 resale being 1945, 1946, 1947 and 1949. The proceedings showed the whole of Tract 1 as being sold to the county on November 3, 1947, for a total amount of $60.26.

The record plainly shows the inclusion on the 1950 resale of taxes for a year for which payment had been made. The resale deed was therefore void. Lind v. McKinley, 196 Okl. 4, 161 P.2d 1016; Chapman v. Calhoun, 204 Okl. 63, 226 P.2d 974; Dyer v. Dalton, 197 Okl. 601, 174 P.2d 252.

■ Plaintiff in error complains of the action of the trial court in voiding the tax deed as not being based on competent evidence and that neither the evidence nor admissions show more than a few cents more than the taxes legally assessed. He urges that the rule of de minimum be applied. This Court has held many times the doctrine of strictissimi juris prevails in this jurisdiction and is applicable to tax resales. Lawrence v. Ayres, 206 Okl. 218, 242 P.2d 142, and cases cited therein.

As we have already indicated the record sufficiently sustains the finding of the lower court that the 1947 taxes on one tract once assessed and paid were separately assessed and the taxes included in resale. The taxes so included constitute an illegal assessment; the County Treasurer was without the authority to sell. Lind v. McKinley, Chapman v. Calhoun, supra.

■ Having concluded that the record sustains the trial court on its finding that the defendant sustained the burden of proof, that he had a right to defend, and that the tax deed was void, only two contentions of plaintiff in error remain for consideration. Plaintiff complains that the trial court made independent research and discovered additional evidence which was the basis of the judgment. Also that defendant neither claimed nor proved ownership of the property awarded him in the judgment. The evidence referred to is set out in the finding of fact and conclusions of law made and entered by the trial judge. The particular item being certificate 266, to which reference has already been made

in this opinion. A careful review of the record shows that with few exceptions the details of the certificate set forth by the court in its findings are merely a compilation of facts stipulated by counsel. The total of $60.26 stated as the amount for which the property was sold for the several years plus a ten cent charge for listing authorized by statute is the exact amount stipulated. The inclusion of the amount for taxes assessed for the year 1947 varies with the stipulation only in that the amount is stated. It was stipulated that the taxes for that year were included. It is our conclusion that the adding of the taxes, interest and penalties for this year illegally assessed voided the deed. The itemized statement included in the findings of the trial court showing the apportionment for the various years for which the land was sold at resale is immaterial.

We find nothing in the record to show that the trial court conducted an independent investigation. Contrarily, it appears that the records of the County Treasurer were before the court, and it was the intention of the parties that the decision of the court should be based upon the records of tax assessments and payments.

There remains only the assignment of error advanced by the plaintiff in error that defendant failed to claim or prove ownership and that the court thereby erred in quieting title in the defendant to the lands awarded him by the judgment. Having concluded that defendant Freeborn made sufficient proof of right to defend and that the tax deed relied upon by plaintiff was void, it follows that the claim of plaintiff to the lands fails. To recover the land he must sustain his claim upon the strength of his own title. Chapman v. Calhoun, supra. Upon proof of the invalidity of the tax deed the entire claim of plaintiff was proven to be nonexistent. Plaintiff being without interest in the land, the errors of the court, if any, in awarding defendant the land by judgment are immaterial to plaintiff who is without any right to be prejudiced. Bridwell v. Goeske, 200 Okl. 244, 192 P.2d 656.

Judgment is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. Crawford, and approved by Commissioners James H. Nease and Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.