Dear Auditor and Inspector Scott,
¶ 0 This office has received your request for an official Attorney General Opinion addressing the following question:
 Pursuant to the provisions of 68 O.S. 2844 (1999), what is the proper procedure for a county assessor to utilize in adding omitted property to the ad valorem tax roles?
¶ 1 Assessment of property for purposes of ad valorem taxation begins with the county assessor. It is the county assessor's duty to assess all taxable property within the county. See 68 O.S.2819 (1999). Section 68 O.S. 2817 of Title 68 and Article X, Section 8 of the Oklahoma Constitution mandate that all taxable property be assessed annually as of the first day of January at its fair cash value. Your question poses a scenario wherein property has escaped taxation and been omitted from the tax roles. The assessment of omitted property is provided for at 68O.S. 2844 (1999):
 "A. If any real, personal, railroad, air carrier or public service corporation property is omitted in the assessment of any prior year or years, and the property thereby escapes just and proper taxation, at any time and as soon as such omission is discovered, the county assessor or the county board of equalization, or the State Board of Equalization in the case of public service corporation property or railroad and air carrier property, whose duty it is to assess the class of property which has been omitted, shall at any time cause such property to be entered on the assessment rolls and tax rolls for the year or years omitted, not to exceed the last fifteen (15) years as to real property and the last three (3) years as to personal property, and shall, after reasonable notice to the parties affected, in order that they be heard, assess such omitted property for said periods and cause to be extended against the same on the tax rolls for the current year all arrearage of taxes properly accruing against it, including therein interest thereon at the rate of twelve percent (12%) per annum from the time such tax should have become delinquent."
 "B. If any tax on property subject to taxation is prevented from being collected for any year or years by reason of any erroneous proceedings, or failure to give notice, or otherwise, the amount of such tax which such property should have paid or should have been paid thereon shall be added to the tax on such property for the current year, and if for want of sufficient time or for any cause such assessment cannot be entered, and the tax thereon extended on the tax rolls for the current year, the same shall be done the following year."
Id. (emphasis added).
¶ 2 Section B of Section 68 O.S. 2844 provides that if the tax is prevented from being collected for any year or years by reason of lack of notice, the tax can be added to the current or the following year. An assessor is not authorized to make a tax assessment for prior years during which assessment had been omitted by an arbitrary act of altering the tax rolls without giving the taxpayer any notice. See Dyer v. Dalton,174 P.2d 252 (Okla. 1946). Subsections D and E of Section 2876 of Title 68 allow a taxpayer an opportunity to file a complaint if the taxpayer disputes an assessor's action. Once such a protest has been filed, the assessor shall schedule an informal hearing. Seeid. 68 O.S. 2876(F). The assessor is required to take final action within five (5) working days of the hearing. See id. A taxpayer may file an appeal from the assessor's action with the county board of equalization. See id. County boards of equalization are created at 68 O.S. 2861(A) (1999). The boards' authority is found at 68 O.S. 2863(B) (1999), which provides:
 "It shall be the duty of the boards and they shall have the authority to:
 "1. Raise or lower appraisals to conform to the fair cash value of the property, as defined by law in response to a protest filed as prescribed by law;
"2. Add omitted property;
"3. Cancel assessments of property not taxable; and
 "4. Hear all grievances and protests filed with the board secretary as outlined in section 2877 of this title."
Id. (emphasis added).
¶ 3 While county boards of equalization are authorized to hear protests as to the assessment of omitted property, the boards are not in session year round. Title 68 O.S. 2863(A) (1999) limits county boards of equalization to sessions commencing on April 1, or the first working day thereafter.[1] Sessions end in all counties not later that May 31.[2] Omitted property may not be added to the tax rolls until the taxpayer has been provided an opportunity to protest. Therefore, where omitted property is discovered after the equalization board has gone out of session or with insufficient time to perfect a taxpayer's appeal to the board, the property cannot be added to the rolls until the following year. If after appropriate notice and protest opportunity the board determines that taxable property was omitted, the same may be added to the tax rolls.
¶ 4 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Pursuant to the provisions of 68 O.S. 2844 (1999), where taxable property is omitted from the assessment and tax rolls, it may be entered on the assessment or tax rolls for the years omitted only after reasonable notice and an opportunity to be heard to the parties affected. Therefore, such property may not be entered on the assessment or tax rolls until the party affected has had an opportunity to protest before the Board of Equalization the determination that property was in fact omitted.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1] A county board of equalization may meet in special session between March 1 and March 31 to consider protests pending on or before the date of notice of the special session, if the number of protests pending would make it impracticable to complete hearing and adjudication on or before May 31. In counties with an assessed valuation in excess of one billion dollars ($1,000,000,000) sessions commence on the fourth Monday in January and end not later than May 31. See 68 O.S. 2863(A) (1999).
[2] In all counties a special session may be called if the board determines that the number of protests pending make it impractical to complete hearing and adjudication prior to May 31. The special session can run from June 1 to no later than July 31. See 68 O.S. 2863(A) (1999).